## GULF REFINING CO. v. HELIS et al.

### No. 387.

District Court, E. D. Louisiana.

Jan. 15, 1941.

J. S. Atkinson, Herold, Cousin & Herold, and F. E. Greer, all of Shreveport, La., for plaintiff.

Cobb & Saunders, of New Orleans, La., and Weeks & Weeks, of New Iberia, La., for defendants.

BORAH, District Judge.

This action was tried by the Court without the intervention of a jury. Accordingly, and in compliance with Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the Court makes the following

## Findings of Fact

1. On January 25, 1917, an instrument was executed by and between E. L. Bernard, W. J. Bernard and A. A. Bernard on the one hand, and the Gulf Refining Company of Louisiana on the other, which instrument is recorded in conveyance book 87, folio 167 of the records of Iberia Parish, Louisiana. This instrument is set out in the margin.*

2. The said instrument above referred to correctly expressed and carried out the purposes and intentions of both the grantors and grantee therein.

* United States of America
State of Louisiana, Parish of Iberia.

Be it Known, That on this 25th day of the month of January, in the year of our Lord One Thousand Nine Hundred and Seventeen before me William G. Weeks, a Notary Public in and for the Parish of Iberia, State of Louisiana, duly commissioned and qualified, and in the presence of the witnesses hereinafter named and undersigned, "Personally Came and Appeared E. L. Bernard, a resident of the Parish of Iberia, now living with his first wife, Lilliam Gall; W. J. Bernard, a resident of the Parish of Iberia, now living with his first and only wife Mary Winfred Emmer, and A. A. Bernard, now living with his second wife, Etta Holland, a resident of the Parish of St. Landry, State of Louisiana, who declared and said that, for the price and consideration, and on the terms and conditions hereinafter expressed, they do by these presents, grant, bargain, sell, convey, transfer, assign, set over and deliver, with all legal warranties, and with a full guarantee against all troubles, debts, mortgages, claims, evictions, donations, alienations or other encumbrances whatsoever, unto the Gulf Refining Company of Louisiana, a corporation organized under the laws of the State of Louisiana, and having its domicile in the City of New Orleans, Louisiana, herein represented by its agent, David Donoghue, here present accepting and purchasing for said company and its successors and assigns, and acknowledging, delivery and possession thereof, the property of which the following is a description, to-wit:

A certain tract of unimproved land (wood land) situated on the east side of Bayou Teche and northeast of Olivier, in Iberia Parish, Louisiana, and containing twenty-seven and 60/100 (27.60) arpents more or less; bounded north by John D. Olivier or assigns, south by P. E. Sandager or assigns, east by H. F. Reynaud, and west by H. F. Reynaud, this being a portion of Lots 7 and 8 of a plat made by Franz Bernhardt and recorded in Book 45, folio 194.

There is hereby reserved by vendors, and vendee consents thereto, all timber growing upon said land, with the right of ingress and egress on said lands in vendors for all purposes, but said vendee may use so much of said timber as it may require upon payment of the market value of same.

In the event the said Gulf Refining. Company of Louisiana, its successors or assigns, should drill a well or wells on said property and should discover oil or gas in paying quantities, then there shall be delivered to the said W. J. Bernard, E. L. Bernard and A. A. Bernard the one eighth (1/8) part of any oil or gas that may be produced and saved, but nothing in this instrument shall be construed as obligating said Gulf Refining Company of Louisiana to ever drill said property, unless there shall be brought in within one thousand (1000) feet of any of the lines of the property herein conveyed a well which produces as much as one hundred fifty (150) barrels of oil per day for thirty (30) consecutive days, in which event the said Gulf Refining Company of Louisiana, obligates itself within 60 days after said well has so produced, to begin the actual drilling of a well in the faithful effort to find and produce oil from the premises herein conveyed.

On demand of and at the option of said vendors the Gulf Refining Company of Louisiana agrees to deliver to said vendors said royalty oil or gas either in tanks with connections by vendors provided or into any pipe line that may be connected with the well, or the Gulf Refining Company of Louisiana agrees to purchase said royalty oil at the posted pipe line price that may prevail in the field at the time of such demand.

If any other minerals than oil or gas shall be found and produced in paying quantities then the Gulf Refining Company of Louisiana shall pay the vendors what under all circumstances may be reasonable royalty.

To have and to hold the said described property herein conveyed unto the said Gulf Refining Company of Louisiana, its

3. Subsequently the Gulf Refining Company of Louisiana transferred all of its rights acquired under the foregoing instrument to the Gulf Refining Company, a corporation organized under the laws of the State of Delaware, said instrument being recorded in conveyance book 126 under entry number 49,141 of the records of Iberia Parish.

4. That ever since the execution of the contract above referred to between the Bernards on the one hand and the Gulf Refining Company of Louisiana on the other hand, all ad valorem taxes due on the property in question in this litigation have been assessed against and paid by either the Gulf Refining Company of Louisiana or the Gulf Refining Company of Delaware.

5. That since the execution of the instrument of date January 25, 1917, between the Bernards on the one hand and the Gulf Refining Company of Louisiana on the other hand, there has never been any exploration for minerals carried out on the property involved in this litigation.

6. In April, 1918, the Gulf Refining Company began the drilling of a well on property other than that involved in this litigation, said well being located within 1,000 feet of the property here involved; that the said well was drilled to an approximate depth of 3,156 feet and was abandoned as a non-producer on June 24, 1918; that on June 13, 1917, the Gulf Refining Company began the drilling of a well within 1,000 feet of the property line involved herein which well was drilled to an approximate depth of 3,565 feet where it was abandoned as a non-producer on September 13, 1917; that the Humble Oil & Refining Company began the drilling of a well within 1,000 feet of the property line of the property here involved on April 12, 1923, which well was drilled to an approximate depth of 3,639 feet where it was abandoned as a non-producer on April 16, 1923; that the New Iberia Oil Company began the drilling of a well within 1,000 feet of the boundaries of the property involved herein which was abandoned as a non-producer at a total depth of 2,487 feet on October 22, 1919; that on May 31, 1921, the Maximilian Oil Company began the drilling of a well within 1,000 feet of the property herein involved, which well was abandoned

---

successors or assigns forever, with full and general warranty of title, and with full subrogation to all the rights of warranty and all other rights as held therein by said vendors.

The vendors declared that all the taxes assessed against said property herein conveyed are paid.

The parties hereto agree to dispense with the production of the certificate required by Article 3364 of the Revised Civil Code of this State, and to exonerate me, the undersigned Notary, from all liability in the premises.

This sale is made and accepted for and in consideration of the price and sum of Three Thousand and no/100 Dollars ($3,000.00) cash, which amount the said purchaser has paid in ready current money unto the said vendors, who hereby acknowledge the receipt thereof and give full acquittance for same.

And now by these presents personally came and appeared Geo. J. Sabatier, for himself and also as president of the Little Bayou Oil Company, Inc., acting for said company by a resolution of the Board of Directors thereof hereto annexed, who declared that for and in consideration of certain benefits accruing to said Little Bayou Oil Company, Inc., his assignee, he waives and abandons all right, title and interest to the one-fifth,

either in the cash above set forth, or to any royalty or any part thereof whatsoever, as set forth in the act of lease executed by present vendors on September 27th, 1916, recorded in Book 86, of conveyance at page 567.

Eleven words erased in this act and same approved by the parties thereto before signing.

Thus done and passed at my office in the City of New Iberia, Parish of Iberia, State of Louisiana, on the day, month and year first above written, in the presence of Messrs George A. Quilty and William Bauman good and competent witnesses residing in this Parish, who have signed these presents with the parties and me, Notary, after due reading of the whole.

(signed)   A. A. Bernard
(signed)   W. J. Bernard
(signed)   E. L. Bernard
(signed)   Gulf Refg. Co. of Louisiana, By David Donoghue, its agent.
(signed)   Little Bayou Oil Corp. Inc. per G. J. Sabatier, president.
(signed)   William G. Weeks, Notary Public.
(Seal)
Attest:
(Signed)   Geo. A. Quilty
(Signed)   Wm. Bauman

as a non-producer on October 12, 1921, at a total depth of 3,664 feet.

7. In April of 1935 a well was drilled and brought in as a producer by the Canal Oil Company at a distance less than 1,000 feet from the property here involved, the depth of said well being between 4,200 and 4,300 feet and that this well produced substantially in excess of 150 barrels of oil per day for more than thirty consecutive days.

8. That on October 11, 1935, W. J. Bernard, Edward L. Bernard, Mrs. E. M. Holland and A. J. Bernard executed a mineral lease covering the property here involved in favor of William Helis, said instrument being recorded in conveyance book 125, folio 289 of the conveyance records of Iberia Parish, Louisiana.

### Conclusions of Law

■■ 1. The instrument of date January 25, 1917, between the Bernards on the one hand and the Gulf Refining Company on the other, conveyed the fee title to the property involved herein to the Gulf Refining Company of Louisiana, and constituted a reservation by the Bernards of a one-eighth royalty on minerals produced from and the timber rights on the property therein conveyed. The reservation of the royalty by the Bernards and the obligation of their vendee to drill the property under certain conditions constituted real rights and obligations subject to the prescription of 10 years liberandi causa under Articles 789, 3529 and 3546 of the Revised Civil Code of Louisiana.

■ 2. More than ten years having elapsed between the time of the execution of the instrument under which the Bernards sold the fee title to the Gulf Refining Company of Louisiana and reserved a one-eighth royalty to themselves and the execution of the mineral lease from the Bernards to William Helis and there having been no exploration for minerals on the property herein involved, the running of liberative prescription against such reserved royalty interest not having been otherwise interrupted or suspended, the plea of prescription of ten years liberandi causa under Articles 789, 3529 and 3546 of the Revised Civil Code of Louisiana filed by complainant is good and should be sustained. Vincent v. Bullock, 192 La. 1, 187 So. 35.

3. By virtue of the accrual of the aforesaid liberative prescription, the rights of the Bernards to any mineral interest in the property herein involved, including the right to receive a royalty on mineral production or to require the drilling of the property for minerals, had been lost to them prior to the completion of the well by the Canal Oil Company within 1,000 feet of the property here involved and prior to the date upon which they attempted to execute a mineral lease to William Helis and that the lease claimed by the said Helis is void and of no effect.

■ 4. For the foregoing reasons I conclude that plaintiff is entitled to a judgment ordering and directing the cancellation of the instrument executed in favor of Helis by his co-respondents purporting to be a mineral lease covering the property here involved, which instrument is recorded in conveyance book 125, folio 289 et seq. of the records of Iberia Parish, and that there should be further judgment that any claim on the part of William Helis, E. L. Bernard, W. J. Bernard, Mrs. Ettie M. Holland or A. James Bernard to any mineral interest whatsoever in the property involved in this litigation constitutes an unfounded and unwarranted cloud upon the title of complainant, and that said parties should be perpetually enjoined from asserting any right, title or interest in and to any mineral or royalty interest in or to the said property.

The Clerk is directed to enter judgment accordingly.